STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2018-195

MAYBELLE L. DEAN,
    Plaintiff

v.

**ORDER ON PENDING MOTIONS**

PETER BRAGDON,
    Defendant

## INTRODUCTION

Before the court are several motions in what has become protracted litigation between these parties.[1] By way of background, in *Dean v. Bragdon*, KEN-CV-2016-229 (April 17, 2018) (Stokes, J.) the court found that Ms. Dean was the rightful owner of the property in dispute and that Mr. Bragdon had not met his burden of proving his claim of adverse possession. Mr. Bragdon did not appeal that ruling. It is, therefore, a final judgment.

In November 2018, Dean commenced this action alleging a claim of "wrongful use of civil proceedings." In a decision and Order dated March 16, 2020, the court denied Dean's motion for summary judgment, concluding that there were genuine issues of material fact on the questions of: whether Mr. Bragdon had "probable cause" to initiate and continue with his adverse possession counterclaim and, whether Mr. Bragdon pursued his adverse possession counterclaim with a

---

[1] The file in this action, with the various pending motions, objections and oppositions was brought to the court's attention in late April or early May 2022. The court apologizes to the parties and counsel for the delay in addressing and acting on the pending matters.

primary purpose other than that of procuring its proper adjudication. *See* RESTATEMENT (2d) of TORTS § 674.

Pending before the court are the following motions:

1. Defendant's Motion for Summary Judgment

The Plaintiff opposes this motion. In support of this motion, Mr. Bragdon has submitted an affidavit and has also presented the Affidavit of Stephen Bourget, Esq., his counsel in the underlying action. He contends that there is no genuine issue of material fact that (1) he had probable cause to assert and maintain his adverse possession counterclaim, and (2) his primary purpose in making that claim was not to be malicious and was not otherwise improper. *See* RESTATEMENT (2d) of Torts § 676, cmt. a ("The purpose for which the proceedings are initiated or continued becomes material only when it is found that they were initiated without probable cause.")

Both parties have filed objections and motions to strike, arguing that each side has failed to comply with the requirements of summary judgment practice in accordance with M.R.Civ.P. 56. Without diving too deeply into the weeds, the court would note that some of those objections may be well-taken. Nevertheless, in reviewing the summary judgment record, the court is satisfied that Ms. Dean has generated a genuine issue of material fact, at least on the issue of probable cause, namely, whether Mr. Bragdon "reasonably believe[d] in the existence of facts upon which the [counter]claim [was] based." Similarly, the court concludes that there is a genuine issue of material fact on the question of Mr. Bragdon's primary purpose in pursuing the adverse possession counterclaim. There are issues of fact as to what Mr. Bragdon may have known or not known that precludes the resolution of this action by way of summary judgment. These issues of fact can only be resolved at trial, which the court intends to hold in July, 2022.

2

2. Plaintiff's Motion for Leave to Take Depositions and to Extend Deadline for Responding the Defendant's Motion for Summary Judgment

Considering the court's ruling on the motion for summary judgment, it would appear that this motion is moot. In any event, the motion was untimely and is denied.

3. Plaintiff's Motion for Sanctions

This motion is denied. The court finds that the Defendant's motion for summary judgment is not frivolous.

4. Plaintiff's Motion to Extend Deadline to Oppose Motion for Summary Judgment

Ms. Dean's opposition to the Defendant's motion for summary judgment was filed late, as was her request to extend the deadline. Moreover, the opposition and the motion to extend were not served upon Mr. Bragdon's counsel but were sent to his former attorney. The Defendant objects to this motion and urges the court to deny it and strike Ms. Dean's opposition to his summary judgment motion. *See # 5 below.* The court finds that there was excusable neglect by Ms. Dean's counsel in submitting the late filings. The court further finds that it would not serve the goal of securing a just determination of the action to deny the motion to extend. The motion to extend is granted, *nunc pro tunc*.

5. Defendant's Motion to Strike Plaintiff's Opposition to Motion for Summary Judgment

This motion is denied.

6. Plaintiff's Motion to Strike Portions of Defendant's Reply Memorandum

This motion is denied.

7. Defendant's Motion to Strike Plaintiff's Sur-Reply Memorandum

This motion is granted.

## CONCLUSION

The entry is:

Defendant's Motion for Summary Judgment filed on June 3, 2021 is DENIED.

Plaintiff's Motion to Take Depositions and to Extend Deadline filed on June 11, 2021 is DENIED.

Plaintiff's Motion for Sanctions filed July 1, 2021 is DENIED.

Plaintiff's Motion to Extend Deadline filed on July 1, 2021 is GRANTED, *nunc pro tunc*.

Defendant's Motion to strike Plaintiff's Opposition to Summary Judgment is DENIED.

Plaintiff's Motion to Strike Portions of Defendant's Reply Memorandum filed on August 2, 2021 is DENIED.

Defendant's Motion to Strike Plaintiff's Sur-Reply Memorandum filed on August 6, 2022 is GRANTED.

The Clerk is requested to reach out to counsel for the parties to schedule this case for a bench trial in July 2022.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: May 13, 2022

William R. Stokes
Superior Court Justice

Entered on the docket 5|16|22

STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-2018-195

MAYBELLE L. DEAN,
    Plaintiff

v.

**DECISION AND ORDER**

PETER BRAGDON,
    Defendant

## INTRODUCTION AND BACKGROUND

Before the court for resolution is the Plaintiff's (Maybelle Dean's) Motion for Summary Judgment on her Complaint against Peter Bragdon alleging malicious prosecution. Oral argument on the motion was held on December 18, 2019. The court allowed the parties to submit additional written argument, the last of which was received by the court on February 6, 2020. In the court's view, Dean's alleged cause of action is not one for "malicious prosecution," but rather is more properly characterized as a claim for "wrongful use of civil proceedings." *See Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶¶ 16-17, 708 A.2d 651.

Dean filed this action on November 13, 2018, several months after this court issued its Decision and Judgment in the matter of *Dean v. Bragdon*, KEN-Dkt. No. CV-2016-229 (April 17, 2018) (Stokes, J.). In that matter, Ms. Dean sought a declaration that she held the right, title and interest in certain real estate in Vassalboro. Mr. Bragdon counterclaimed seeking a determination that he had acquired the land in dispute through adverse possession. The court held a two-day bench trial on January 16 and 18, 2018. In its Decision and Judgment, the court

concluded that Dean was the rightful owner of the property by deed and that Bragdon had not met his burden of proving his claim of adverse possession. Bragdon did not seek appellate review of that judgment and, accordingly, it became final. When the Decision and Judgment in that action became final, Dean filed her complaint in this action asserting a cause of action for "malicious prosecution."

The Law Court has described the tort of "wrongful use of civil proceedings" in the following terms:

> The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought. RESTATEMENT (SECOND) OF TORTS § 674.

*Pepperell Trust*, 1998 ME 46, ¶17.

In moving for summary judgment, Dean relies almost exclusively on the factual findings made by the court in its Decision and Judgment in the prior action and, specifically, the findings the court made with respect to Bragdon's failure to meet his burden of proving by a preponderance of the evidence all of the necessary elements of his adverse possession claim. Of particular significance in this case is Dean's Statement of Material Fact 7, which asserts: "Defendant [Bragdon] had no probable cause to claim ownership of the Dean property." In support of this allegation, Dean has pointed to particular findings made by the court. *See* Plaintiff's Statement of Material Facts 7(a) – 7(l).

Dean points out, correctly the court believes, that Bragdon has failed to properly controvert her statement of material facts as required by M.R.Civ.P. 56(h)(3) & (4) and, therefore, those facts not admitted are deemed to be true. Moreover, the facts found by the court in the prior proceeding are now res judicata.

2

## SUMMARY JUDGMENT STANDARD OF REVIEW

"The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question[s] before the court [are] solely . . . of law." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 1144 (Me. 1995). "A trial court properly grants summary judgment for the movant if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Beaulieu v. Aube Corp.*, 2002 ME 79, ¶ 14, 796 A.2d 683 (citing *Stanton v. University of Maine Sys.*, 2001 ME 96, ¶ 6, 773 A.2d 1045). A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact-finder to choose between competing versions of the facts. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.2d 774.

## DISCUSSION

Certainly, there is no issue of fact as to whether the prior proceeding terminated in Ms. Dean's favor, and specifically on Mr. Bragdon's counterclaim for adverse possession. The more difficult questions for the court are whether, as a matter of law, the court can say that at the time he initiated and/or continued his adverse possession counterclaim, Mr. Bragdon did so without probable cause and with a primary purpose other than that of securing the proper adjudication of his claim.

Whether probable cause exists is generally a question of law for the court. (RESTATEMENT (SECOND) OF TORTS § 673, cmts. e and h). *See also First Tracks Invs. V. Murray, 2014 Me. Bus. & Consumer LEXIS 20, *33 (9/8/2014) (Murphy, J.).* One of the undisputed facts in the summary judgment record is that Mr. Bragdon "did not claim the land at the time of his conversation with the Dean family because he did not realize his legal rights until after he talked to his attorney, Stephen Bourget." PSMF 7(j). In the context of this summary judgment proceeding

3

relating to whether Mr. Bragdon had probable cause to initiate and/or continue his claim of adverse possession to the Dean land, this fact may be significant because RESTATEMENT (SECOND) OF TORTS §675 provides:

> One who takes an active part in the initiation, continuation or procurement of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either
>
> (a) correctly or reasonably believes that under those facts the claim may be valid under the applicable law, or
>
> (b) believes to this effect in reliance upon the advice of counsel sought in good faith and given after full disclosure of all relevant facts within his knowledge and information

Based on the summary judgment record in this case, it is not possible for the court to conclude, *as a matter of law*, that Mr. Bragdon lacked probable cause to initiate and/or continue his adverse possession counterclaim. The summary judgment record raises the possibility that Bragdon sought the advice of legal counsel when Ms. Dean asserted ownership of the land and commenced her declaratory judgment action against him. It is at least a triable issue that Bragdon's counterclaim for adverse possession was based on the advice of legal counsel.

Moreover, "[p]robable cause is present if a party has 'a reasonable belief in the possibility that the claim may be held valid.'" First *Tracks Invs., 2014 Me. Bus. & Consumer LEXIS 20, *33 citing* RESTATEMENT (SECOND) OF TORTS §674 cmt. e. The fact that this court, after trial, was unconvinced by Bragdon's evidence in support of his adverse possession claim does not mean, *as a matter of law*, that his belief in the possibility that his claim had merit was unreasonable. *See also Prewitt v. Sexton*, 777 S.W. 2d 891, 896 (Ky. 1989) (probable cause is a suspicion

4

founded on circumstances strong enough to warrant a reasonable person in the belief that the claim is true).

Finally, the summary judgment record in this case does not permit the court to determine, *as a matter of law,* that Bragdon's primary purpose in asserting his adverse possession counterclaim was other than to secure the proper adjudication of his claim. This is a question of fact that cannot be resolved on summary judgment. The RESTATEMENT (SECOND) OF TORTS §676 describes a number of examples of civil proceedings instituted for improper purposes. In short, the summary judgment record in this case is not adequate to decide that Ms. Dean is entitled to judgment as a matter of law on her claim of wrongful use of civil proceedings against Mr. Bragdon.

## CONCLUSION

The entry is:

Plaintiff's Motion for Summary Judgment is DENIED.

The Clerk is directed to incorporate this Decision and Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: March 16, 2020

William R. Stokes
Superior Court Justice

5